FILED OCTOBER 19, 2009

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------x
STUART L. LONGMAN,

        Plaintiff,                    Case No. _____

-against-

WACHOVIA BANK, N.A.

        Defendant.
------------------------------------------------------------x

## COMPLAINT

COMES NOW STUART L. LONGMAN (the "Plaintiff"), by and through Mark Stern & Associates, L.L.C., his attorneys, who alleges as follows:

### I.    JURISDICTION

1. The jurisdiction of this Court is based upon 28 U.S.C. §1331, because the matter is brought pursuant to 15 U.S.C. § 1681 *et seq.* of the laws United States, and is within the time period set forth in 15 U.S.C. § 1681(p).

### II.    VENUE

2. Venue is based upon 28 U.S.C. §1391(b)(1), because the defendant, Wachovia Bank, N.A. (The "Defendant") resides in this District and because Defendant is subject to the personal jurisdiction of this District as required by 28 U.S.C. §1391(c). Venue is also proper under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims stated herein occurred in this District.

### III.    PARTIES

3. Plaintiff is an individual citizen of the State of Connecticut, with a residential address located at 424 West Mountain Road, Ridgefield, Connecticut.

4. Upon information and belief Defendant is a national banking association with a business address located at 50 Weston Street, Hartford, Connecticut 06120-1537.

5. Upon information and belief Defendant is registered to conduct business in the State of Connecticut, and actually conducts business in the State of Connecticut.

## IV.   BACKGROUND FACTS

6. Defendant is the holder of a certain note, which is secured by certain property located at Lot 3, Dream Field Equestrian Ct, Bostwock, Florida, 32007.

7. Between October 2008 to present, Defendant published false information to various credit reporting agencies that Plaintiff's account bearing account 320101000870818 (the "Account") was thirty (30), sixty (60) and ninety (90) days past due, respectively.

8. Defendant published this false information to credit agencies both orally and in writing.

## V.   COUNT I - WILLFUL NONCOMPLIANCE WITH 15 U.S.C. § 1681, THE FEDERAL FAIR CREDIT REPORTING ACT

9. Plaintiff realleges paragraphs 1 through 8 inclusive and incorporates each and every allegation as though set forth in full hereat.

10. Defendant knew the statements concerning the Account to be false when made and had no actual basis for making such false statements.

11. Defendant failed to correct such false statements concerning the Account despite Plaintiff's notices to Defendant.

12. Defendant failed to perform a reasonable investigation after notices from Plaintiff that such information was incorrect.

13. Defendant failed to satisfy its duty to correct the false information.

14. Defendant has acted with malice in knowingly providing false information concerning the Account to credit agencies and in failing to correct such false statements.

15. By a direct and proximate cause of Defendant's defamation concerning the Account, Plaintiff has suffered loss of ability to obtain credit, pecuniary damages, loss of earning

16. capacity, and loss of reputation, all resulting in monetary damages, the inability to earn money and extreme mental anguish.
16. Defendant's acts were malicious, willful, wanton and to the total disregard of Plaintiff's just rights.

### VI.  COUNT II - CONNECTICUT COMMON LAW DEFAMATION

17. Plaintiff realleges paragraphs 1 through 16 inclusive and incorporates each and every allegation as though set forth in full hereat.
18. Defendant published the false statements to various credit reporting agencies
19. The defamatory information identified Plaintiff to such credit reporting agencies and to prospective lenders of Plaintiff.
20. The false written publications by Defendant concerning the Account are libel *per se*.
21. The false verbal statements by Defendant concerning the Account are slander *per se*.
22. By a direct and proximate cause of Defendant's defamation concerning the Account, Plaintiff has suffered damage to his reputation as a real estate businessman due to his inability to procure financing for various real estate projects resulting from a poor credit rating.

## VI. REQUEST FOR RELIEF

WHEREFORE, Plaintiff claims relief as follows:

*As to Count I, pursuant to 15 U.S.C. § 1681(n):*

1. Actual damages;
2. Punitive damages;
3. Reasonable attorneys fees;
4. Costs; and

*As to Count II, pursuant to Connecticut common law:*

1. Damages;
2. Reasonable attorneys fees; and
3. Such other and further relief as the court deems just and proper.

        Respectfully submitted.

        THE PLAINTIFF

        By: _____
        Michael A. Carbone, Esq. (CT24425)
        Mark Stern & Associates, L.L.C.
        PO Box 2129
        Norwalk, CT 06852-2129
        JURIS NO. 419524
        Phone: (203) 853-2222
        Facsimile: (203) 857-0593
        Email: mac@msternlaw.com

DATED:    October 19, 2009
               Norwalk, Connecticut

## VII. DEMAND FOR JURY TRIAL

In accordance with Federal Rule of Civil Procedure 38(b), Plaintiff respectfully demands a jury trial of the within action.

                    Respectfully submitted.

                    THE PLAINTIFF

                    By: _____
                    Michael A. Carbone, Esq. (CT24425)
                    Mark Stern & Associates, L.L.C.
                    PO Box 2129
                    Norwalk, CT 06852-2129
                    JURIS NO. 419524
                    Phone: (203) 853-2222
                    Facsimile: (203) 857-0593
                    Email: mac@msternlaw.com

DATED:    October 19, 2009
                Norwalk, Connecticut